## Shaffer v. Shaffer

*Joseph B. Policicchio,* for petitioner.
*Jon A. Barkman,* for respondent.

COFFROTH, *P.J.,* April 25, 1983—Petitioner husband has presented his "Petition For Relief Pursuant To The Divorce Code Of 1980, and Petition To Have All Counts Relating To Marital Property Set Down For Hearing", which alleges inter alia that the "parties have yet to be divorced", and that respondent wife has removed from the marital home "taking with her several items of personal property which are nonmarital property inasmuch as the petitioner obtained them prior to the parties' marriage". The petition asks the court to "schedule a hearing on the distribution of marital property" and "issue an order which would require the respondent to return immediately to the petitioner all items of nonmarital property of the petitioner".

Counsel for petitioner informs us that respondent makes no objection to scheduling and adjudicating the issues raised by the petition including distribu-

tion of marital property, notwithstanding that the parties are not divorced,

## DISCUSSION

The prime issue is whether the court may or should undertake equitable division of marital property under §401 of the Divorce Code of 1980 prior to a decree of divorce. The code is new, and we are told that courts of other judicial districts make such pre-decree adjudications, but in the few cases of this kind previously brought to us we have declined to adjudicate equitable property division until there is a decree in divorce.[1]

Further reflection and consideration lead us to conclude that refusal of relief in such cases prior to

1. In Gates v. Gates, no. 109 Divorce 1980, the first case in which the question was brought to our attention, counsel for both parties requested the court to hear and adjudicate a complicated equitable division case prior to divorce decree and while a divorce contest was pending, on the theory that a property decree would facilitate resolution of the divorce issue. We refused to do so on grounds that: (1) the parties were not entitled to a preview of property distribution before deciding whether to agree to or to contest a divorce decree, and (2) the court would possibly be put to a great deal of unnecessary work in the event a divorce was not granted, and (3) the court's property decree in such case would likely be used merely as leverage by the party dissatisfied with it in order to obtain even further property concessions from the other party. We did agree to begin the property hearing as a means of acquainting the parties with the difficulties involved in the hope that a settlement might be reached after a single hearing and before adjudication, with the understanding that no property decree would be made until there was a divorce. After the first hearing, settlement was reached and a divorce decree made on July 22, 1982.

In Brown v. Brown, no. 95 Divorce 1980, equitable property division was referred to a master after a divorce decree was made.

a final decree in divorce is proper, for the following reasons:

(1) Subsection (b) of Code §401 which governs equitable division of property clearly contemplates that such division will be made at or after the time the divorce decree is granted, not prior thereto, in the following language:

"(b) Any decree granting a divorce or an annulment, shall include after a full hearing, where these

---

In Gibbs v. Gibbs, no. 118 Divorce 1980, a complicated case, a master was appointed on May 10, 1982, with directions that he "first determine after taking testimony if emergency relief is appropriate and, if so, what emergency relief should be ordered, then convey his findings and recommendation on that issue to this court. Thereafter the mster shall hear the balance of testimony and return the record and transcript of the testimony together with his report and recommendation on all issues properly pleaded." The matter is still in the hands of the master who is dealing with preliminary issues, and we are advised that plaintiff's complaint for divorce under Code §201(d) (i) will be brought to the court soon without contest.

In Guthrie v. Guthrie, no. 236 Divorce 1982, a master was appointed on October 28, 1982, to determine property and related issues prior to divorce decree. The early appointment was prompted by the need for emergency relief regarding disposition of property, and the master informs us that no further steps have been taken in the case, while the parties negotiate. We have this date made an amended appointment order which restricts the master to consideration of protective measures under Code §1401(c) until further order, in order to comply with the holding in this opinion. In the cases in which the court has adjudicated equitable distribution and related matters, the proceedings were held after a divorce decree was made. See: Cauffiel v. Cauffiel, 25 D.&C. 3d 137 (1981); Farrell v. Farrell, 41 Somerset L. J. 201 (1981); Burkhard v. Burkhard (No. 2), 25 D.&C. 3d 467 (1982); Clapper v. Clapper, 41 Somerset L. J. 215 (1982); Willkow v. Willkow, 26 D.&C. 3d 74 (1982); in Gisbrecht v. Gisbrecht, no. 40 Divorce 1977, now before Judge Shaulis, and in King v. King, no. 183 Divorce 1980, now before the undersigned, both for equitable distribution, divorce decrees have been made.

matters are raised in the complaint, the answer or other petition, an order or orders determining and disposing of existing property rights and interests between the parties, custody and visitation rights, child support, alimony and any other related matters including the enforcement of separation agreements voluntarily entered into between the parties. In the enforcement of the rights of any party to any such matters, the court shall have all necessary powers, including but not limited to, the power of contempt and the power to attach wages. In the event that the court is unable for any reason to determine and dispose of the matters provided for in this subsection within 30 days after the master's report has been filed, it may enter a decree of divorce or annulment. The court may order alimony, reasonable counsel fees and expenses pending final disposition of the matters provided for in this subsection and upon final disposition, the court may award costs to the party in whose favor the order or decree shall be entered, or may order that each party shall pay his or her own costs, or may order that costs be divided equitably as it shall appear just and reasonable."[2]

(2) Subsection (d) of Code §401 stating that

---

2. See also Code §401(j) which provides as follows:

"(j) Whenever a decree or judgment is granted which nullifies or absolutely terminates the bonds of matrimony, any and all property rights which are dependent upon such marital relation, save those which are vested rights, are terminated unless the court otherwise expressly provides in its decree in accordance with subsection (b). All duties, rights and claims accruing to either of said parties at any time heretofore in pursuance of the said marriage, shall cease and the parties shall, severally, be at liberty to marry again in like manner as if they had never been married, except where otherwise provided by law."

"(d) In a proceeding for divorce or annulment, the court shall, upon request of either party, equitably divide, distribute or assign the marital property between the parties without regard to marital misconduct in such proportions as the court deems just after considering all relevant factors including: [listed factors omitted]"

places no time limit on its exercise which, if read in isolation, might be broadly construed as authorizing division at any time during pendency of the divorce action. But the subsection cannot properly be read in isolation; to do so would nullify the time provisions in subsection (b) supra, and thus violate fundamental principles of statutory construction, namely: (a) the legislature "intends the entire statute to be effective", 1 Pa.C.S.A. §1922(2), and (b) "Whenever a general provision in a statute [§401(d) broadly construed in isolation] shall be in conflict with a special provision in the same. . . . statute [§401(d)], the two shall be construed, if possible, so that effect may be given to both", id §1933. Reading the two subsections together harmonizes them and imposes upon subsection (d) the limitations of subsection (b) which bars equitable property division before final decree.

Although we conclude that pre-divorce adjudication of marital property rights and interests is improper, it does not follow that proceedings leading to such an adjudication may not be initiated and pursued before divorce decree; obviously, if an adjudication of property rights and interests is to be included in the divorce decree or made within 30 days thereafter as §401(b) supra expressly requires (unless such claims are terminated or expressly preserved for later disposition as §401(j) supra at note [2], provides), the hearing and other steps essential to the adjudication will necessarily precede the di-

vorce decree. See Civil Rule 1920.54 (Master's Report). But there are serious practical problems in attempting resolution of equitable property division while the claim for divorce is being contested. Although petitioner alleges here as a ground for immediate action by the court on equitable division that "respondent is using these items [of petitioner's separate property taken by respondent] as bargaining leverage in order to resolve all other areas connected with the distribution of marital property", the argument lacks force. In the first place, it is not necessary to hear and adjudicate equitable property division in order to obtain judicial relief with respect to property wrongfully taken; if petitioner's title is clear, replevin is an adequate remedy; or a protective order under Code §401(c) and Civil Rule 1920.43 may be appropriate. Moreover, any leverage developed by the action of one spouse in wrongfully appropriating the property is minor compared with the potential for mischievous bargaining leverage offered by a pre-divorce adjudication of property division, as pointed out in note [1] supra. Compare Weaver v. Weaver, 39 Somerset L. J. 319, 321, 20 D.&C.3d 170, 172 (1981).

The fact that respondent concurs in the granting of pre-divorce property division is immaterial. The statutory limitations upon a court's exercise of subject matter jurisdiction, are jurisdictional in nature, and cannot be altered by consent. See: Opperman v. Opperman, 297 Pa. Super. 89, 443 A.2d 313 (1982).

At our request, a Rules Committee of the Bar Association is working on proposed new local rules governing the appointment of masters to deal with issues in divorce actions including equitable property division and related matters as allowed by Code §§304 'and 604, which should be consistent with this opinion.

## ORDER

Now, April 26, 1983, the petition for pre-divorce division of marital property is dismissed as premature.